UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24087-BLOOM/Elfenbein

JOHNNY TEIXEIRA JARDIM,

    Petitioner,
v.

BARBARA YAILYN PEREZ PAEZ,

    Respondent.
_____/

## ORDER DENYING RECONSIDERATION

**THIS CAUSE** is before the Court upon Respondent's Emergency Motion for Reconsideration and Stay of Court Order ("Motion"), ECF No. [52], filed on December 30, 2025. On December 30, 2025, the Court ordered an expedited response. ECF No. [53]. On January 1, 2026, Respondent filed a Psychological Report in support of her Motion. ECF No. [54]. On January 2, 2026, Petitioner filed a Response. [56]. The Court has considered the Motion, the record, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

On December 22, 2025, following an evidentiary hearing, the Court entered an Order granting Petitioner's Verified Petition for Return of Children to Venezuela ("Order"). ECF No. [50]. In the Order, the Court found—and Respondent conceded—that Petitioner established a *prima facie* case, by a preponderance of the evidence, that Respondent wrongfully retained the minor children in the United States. *Id.* at 6. The Court also found that Respondent failed to satisfy her burden for the consent/acquiescence, settled child, and mature child affirmative defenses. *Id.* at 7-14. Although, in her Answer to the Petition, Respondent pled that the children

would be at grave risk of harm if returned to Venezuela, ECF No. [15] at 8, Respondent conceded after the evidentiary hearing that she had not met her burden of proof on this affirmative defense. ECF No. [50] at 6 n.2 ("Respondent concedes in her Proposed Findings of Fact and Conclusions of Law that her "third Affirmative Defense has not been established under law." ECF No. [49] ¶ 63. She acknowledges in her recommended findings of fact that "there is not clear and convincing evidence that the parties' children would themselves be at 'grave risk of harm' if forced to return to Venezuela." *Id*. ¶ 57"). Therefore, the Court ordered that the minor children be returned to Venezuela no later than January 5, 2026. *Id.* at 13.

On December 30, 2025, Respondent filed the instant Motion, requesting that the Court "reopen the final hearing in this case and stay its Order until the evidence underpinning the Third Affirmative defense can be elicited on the record." ECF No. [52] at 2. Respondent also states that since the evidence to be presented on the grave risk of harm affirmative defense "is impacted by the Fourth Affirmative defense (the mature child exception), additional testimony on this issue should be permitted as well. *Id.*

II.     **LEGAL STANDARD**

   A. **Motion for Reconsideration**

While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a

2

judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to be successful under the catchall provision—Rule 60(b)(6)—the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

### B. Motion to Stay

The Supreme Court has instructed courts to "apply the four traditional stay factors in considering whether to stay a return order" under the Hague Convention and ICARA: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the

public interest lies.'" *Chafin v. Chafin*, 568 U.S. 165, 179 (2013) (quoting *Nken v. Holder,* 556 U.S. 418, 434 (2009)).

### III.  DISCUSSION

In support of Respondent's request to stay the Order, reopen the hearing, and permit her to enter additional evidence in support of her third and fourth affirmative defenses, Respondent attaches her affidavit. In it, she states that "[f]rom the beginning of our relationship, [Petitioner] engaged in violent, aggressive, and abusive behavior, characterized by verbal, psychological, and physical abuse, directed toward both me and our children." ECF No. [52] at 6. Respondent describes "[t]hese behaviors" as "recurrent and intensified" when Petitioner "was under the influence of alcohol and drugs, substances he consumed in a habitual and uncontrolled manner, even in the presence of the children[.]" *Id.* Respondent argues that "she should have a fair opportunity to offer this testimony at a renewed hearing before the children are returned to Venezuela." *Id.* at 3. Respondent also files a "Descriptive Psychological Report" of interviews conducted online of Respondent and her child.  In Response, Petitioner argues that the narrative presented in Respondent's affidavit is not supported by the evidence that was presented during the evidentiary hearing. ECF No. [56] at 1-4 (citing ECF No. [48-7] (Petitioner's "hair follicle drug tests [taken] in Venezuela and Florida that were negative")). Petitioner also disputes the credentials of Yuoarary Carrizales, who authored the psychological report submitted by Respondent. *Id.* at 5-6; *see* ECF No. [54]. Petitioner points out that Carrizales's LinkedIn profile "does not show that she is a licensed psychologist or employed in that capacity." ECF No. [56] at 6. Because "there is a significant difference in licensing, education, methods of evaluation and the higher level of experience in Hague cases," Petitioner argues that the Court should not consider Carrizales's report. *Id.*

4

Although Respondent argues that "[i]n the event the Court were to grant this Motion undersigned counsel believes that the evidence to be presented would permit the Respondent to prevail on the merits in this action[,]" Respondent has presented no argument as to why, procedurally, following a full evidentiary hearing, the Court should reconsider its prior Order and give Respondent a *second* opportunity to present evidence. ECF No. [52] at 3. Respondent cites *Bassat v. Dana*, a case in which the Eleventh Circuit reversed the district court's finding that the grave-risk defense did not apply in a Hague Convention case. ECF No. [52] at 2 (citing *Bassat v. Dana*, No. 25-10915, 2025 WL 2304896 (11th Cir. Aug. 11, 2025)). In *Bassat*, the Eleventh Circuit found that, based on the evidence presented during the evidentiary hearing, "where the district court found the testimony of Dana and the children to be 'persuasive' and didn't find their testimony to lack credibility, as a matter of law, Dana has shown by clear and convincing evidence that returning the girls to Israel would subject them to a grave risk of harm." 2025 WL 2304896, at *8. However, Respondent does not point to any evidence presented *during the hearing* which would establish that the children would be at grave risk of harm if forced to return to Venezuela. Instead, Respondent "requests that this Court reopen the final hearing in this case and stay its Order until the evidence underpinning the Third Affirmative Defense can be elicited on the record." ECF No. [52] at 2. Significantly, Respondent acknowledged that, in the briefings following the evidentiary hearing, Respondent's counsel stipulated that "there is not clear and convincing evidence that the parties' children would themselves be at 'grave risk of harm' if forced to return to Venezuela." ECF No. [50] at 6 n.2 (quoting ECF No. [49] ¶ 57); ECF No. [52] at 1.

In the Court's Order following the evidentiary hearing, it noted Respondent's concession that her "third Affirmative Defense has not been established under law." ECF No. [50] at 6 n.2.

5

In the instant Motion, Respondent fails to explain her change in position nor does she contend that the evidence presented at the evidentiary hearing established the grave risk of harm affirmative defense by clear and convincing evidence. *Gomez v. Fuenmayor*, 812 F.3d 1005, 1012 (11th Cir. 2016) (party opposing child's return bears burden of proving grave risk of harm affirmative defense by clear and convincing evidence).

As Petitioner correctly points out, Respondent "states no evidence that she presented to [her prior attorney], which he did not disclose to this Court either before, during or after the evidentiary hearing." ECF No. [56] at 2. Respondent "was free to make [these] argument[s] before the Court ruled on [the] petition, but [she] did not.

A motion for reconsideration is not a second bite at the apple." *Figueredo v. Rojas*, No. 22-cv-1268, 2023 WL 4419722, at *2 (M.D. Fla. July 10, 2023) (denying motion for reconsideration of order denying petition to return minor child to Venezuela). Because Respondent has presented no legal basis upon which the Court may reconsider its prior Order and hold a new evidentiary hearing, she has not "made a strong showing that [s]he is likely to succeed on the merits[.]" *Chafin*, 586 U.S. at 179 (quoting *Nken*, 556 U.S. at 434). Therefore, her request for reconsideration and a stay of the Court's Order returning the children to Venezuela must be denied.

While the Court's Order required that the mior children be returned to Venezuela no later than January 5, 2026, circumstances have changed. On the morning of January 3, 2026, the Federal Aviation Administration banned United States commercial flights over Venezuela due to "ongoing military activity." Jennifer Jacobs, *et al., U.S. Launches Military Strikes on Venezuela, Trump Says Maduro Captured and Flown Out of The Country*, CBS News (Jan. 3, 2026 at 3:34 a.m.), https://www.cbsnews.com/live-updates/venezuela-us-military-strikes-maduro-trump/#.

Case No. 25-cv-24087-BLOOM/Elfenbein

Former counsel for Respondent also seeks clarification regarding return of the children's passports. *See* ECF No. [57]. Therefore, it does not appear feasible for the children to return to Venezuela while the FAA ban is in place. Accordingly, the portion of the Court's Order to return the children to Venezuela is stayed pending the rescission of the FAA's ban on United States commercial aircrafts operating in the airspace above Venezuela.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondent's Emergency Motion for Reconsideration and Stay of Court Order, **ECF No. [52]**, is **DENIED**.

Former Counsel for Respondent's Unopposed Urgent Motion for Clarification, **ECF No. [57]**, is **GRANTED**. Respondent's former attorney, Andrew Kassier, shall forthwith return the passports to Respondent's new counsel forthwith.

2. The Order Granting Petition, **ECF No. [50],** regarding the return of the children to Venezuela by January 5, 2026, is **STAYED** pending the rescission of the FAA's ban on United States commercial aircrafts operating in Venezuelan airspace. The parties shall confer regarding the feasibility of returning the children to Venezuela and notify the Court of the results of the conferral **72 hours after the FAA has lifted the ban.**

**DONE AND ORDERED** in Chambers at Miami, Florida on January 3, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:     Counsel of Record