UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24087-BLOOM/Elfenbein

JOHNNY TEIXEIRA JARDIM,

    Petitioner,
v.

BARBARA YAILYN PEREZ PAEZ,

    Respondent.
_____/

## SECOND ORDER DENYING RECONSIDERATION

**THIS CAUSE** is before the Court upon Respondent's Emergency Motion to Alter or Amend Judgment ("Motion"), ECF No. [59], filed on January 6, 2026. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.**    **BACKGROUND**

On December 22, 2025, following an evidentiary hearing, the Court entered an Order granting Petitioner's Verified Petition for Return of Children to Venezuela ("Order"). ECF No. [50]. In the Order, the Court found — and Respondent conceded — that by a preponderance of the evidence, Petitioner established a *prima facie* case that Respondent wrongfully retained the minor children in the United States. *Id.* at 6. The Court also found that Respondent failed to satisfy her burden for the consent/acquiescence, settled child, and mature child affirmative defenses. *Id.* at 7-14. Although, Respondent initially pled in her Answer to the Petition that the children would be at grave risk of harm if returned to Venezuela, *see* ECF No. [15] at 8, Respondent conceded after the evidentiary hearing that she had not met her burden of proof on that affirmative defense. ECF No. [50] at 6 n.2 ("Respondent concedes in her Proposed Findings

of Fact and Conclusions of Law that her "third Affirmative Defense has not been established under law." ECF No. [49] ¶ 63. She acknowledged in her proposed findings of fact that "there is not clear and convincing evidence that the parties' children would themselves be at 'grave risk of harm' if forced to return to Venezuela." *Id*. ¶ 57). In its Order, The Court required that the minor children be returned to Venezuela no later than January 5, 2026. ECF No. [50] at 13.

On December 30, 2025, Respondent filed her first Emergency Motion, requesting that the Court "reopen the final hearing in this case and stay its Order until the evidence underpinning the Third Affirmative defense can be elicited on the record." ECF No. [52] at 2. Respondent stated that since the evidence to be presented on the grave risk of harm affirmative defense "is impacted by the Fourth Affirmative defense (the mature child exception), additional testimony on this issue should be permitted as well." *Id.*

Following expedited briefing from Petitioner, who opposed the request, the Court denied the first Emergency Motion and opined that "[b]ecause Respondent has presented no legal basis upon which the Court may reconsider its prior Order and hold a new evidentiary hearing, she has not 'made a strong showing that [s]he is likely to succeed on the merits[.]'" ECF No. [58] at 6 (quoting *Chafin v. Chafin*, 568 U.S. 165, 179 (2013)). Therefore, on January 3, 2026, the Court held that Respondent's "request for reconsideration and a stay of the Court's Order returning the children to Venezuela must be denied." *Id.* However, circumstances in Venezuela changed that day. The Court noted that, on the morning of January 3, 2026, "the Federal Aviation Administration banned United States commercial flights over Venezuela due to 'ongoing military activity.'" *Id.* (quoting Jennifer Jacobs, et al., *U.S. Launches Military Strikes on Venezuela, Trump Says Maduro Captured and Flown Out of The Country*, CBS News (Jan. 3, 2026 at 3:34 a.m.), https://www.cbsnews.com/live-updates/venezuela-us-military-strikes-

maduro-trump/). Accordingly, the Court stayed its Order Granting Petition, ECF No. [50], regarding the return of the children to Venezuela by January 5, 2026, pending the recission of the FAA's ban on United States commercial aircrafts operating in Venezuelan airspace. ECF No. [58] at 7. The parties were ordered to confer "regarding the feasibility of returning the children to Venezuela and notify the Court of the results of the conferral 72 hours after the FAA has lifted the ban." *Id.* As Respondent notes, the ban was lifted the morning of January 4, 2026. ECF No. [59] at 2; Sophia Vento, *Flights Resume After FAA Restricts Caribbean Airspace Following Venezuelan Strikes*, The Hill (January 4, 2026 at 8:31 a.m), https://thehill.com/policy/transportation/5671740-caribbean-flights-resume-venezuela-strikes/. The parties were ordered to file a notice with the Court following their conferral regarding the feasibility of returning the children to Venezuela on or before January 7, 2026. *See* ECF No. [58] at 7.

Respondent filed the instant Motion, "ask[ing] the Court to Stay its Order Denying Reconsideration (ECF No. 58) of its earlier Order (ECF No. 52) ordering that Respondent's children be returned to Venezuela after a hearing was held on this Hague Petition." ECF No. [59] at 1. In the Motion, Respondent asks the Court to "review the attached affidavits of Respondent and her witnesses . . . as well as the attached psychological report[.]" ECF No. [59] at 3. Respondent argues that the affidavits "clearly support Respondent's rendition of facts which indicated that prior counsel[1] for Respondent was presented with ample, in fact, overwhelming evidence that if presented at the hearing would have raised a significant basis for the success of the third and fourth affirmative defenses raised in his pleadings." *Id.* Respondent states that her prior counsel "should not have stipulated that the evidence . . . did not support his third

---

[1] Respondent's prior counsel represented her throughout the evidentiary hearing. *See* ECF No. [11]. Respondent retained new counsel following the Court's Order Granting Petition. ECF No. [51]. Respondent's new counsel filed the previous Emergency Motion and the instant Motion. *See* ECF Nos. [52]; [59].

3

affirmative defense. Rather he should have presented the evidence set forth in the attached affidavits as supportive of his third and fourth affirmative defenses." *Id.*

## II. LEGAL STANDARD

### A. Motion for Reconsideration

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques*, 805 F. App'x at 671 (quoting Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to be

successful under the catchall provision — Rule 60(b)(6) — the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

### B. Motion to Stay

The Supreme Court has instructed courts to "apply the four traditional stay factors in considering whether to stay a return order" under the Hague Convention and ICARA: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Chafin*, 568 U.S. at 179 (quoting *Nken v. Holder,* 556 U.S. 418, 434 (2009)).

### III. DISCUSSION

In support of reconsideration, Respondent argues that the affidavits attached to the Motion constitute "newly discovered evidence" under Rule 59(e) and are "extraordinary in nature" under Rule 60(b)(6). ECF No. [59] at 2. Respondent does not cite any caselaw to support her argument that affidavits from individuals[2] who were both known and available to Respondent qualify as "newly discovered" evidence under Rule 59(e) or 60(b)(2). Indeed, a motion for reconsideration under Rule 59(e) cannot be used to "raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343

---

[2] The affidavits are from Jesus Roberto Soler, who states he has a "close family relationship" with Respondent, ECF No. [59] at 8, Genesis Perez, Respondent's sister, *id.* at 14, Diego Saenz, who "serve[d] as a translator" for Respondent, *id.* at 19, and Maria Cristina Vega, the mother of Respondent's brother-in-law. *Id.* at 21. Respondent also attaches a psychological report from Laura Parodi, LMFT at Azzurra Health Care Center. *Id.* at 25.

5

(quoting *Michael Linet*, 408 F.3d at 763). Similarly, Respondent has not provided any reason as to why a medical professional or guardian *ad litem* could not have evaluated M.J.T.P. and presented their findings to the Court during the evidentiary hearing. *See* ECF No. [50] at 12 (stating that nearly all the courts that have found children as young as eight to be sufficiently mature for the court to consider the child's view "had the opportunity to hear from the child directly or from a medical professional or guardian *ad litem* who spoke with the child and then presented their findings to the court").

Respondent argues that "prior counsel for Respondent was presented with ample, in fact, overwhelming evidence that if presented at the hearing would have raised a significant basis for the success of the third and fourth affirmative defenses raised in his pleadings." ECF No. [59] at 3. Therefore, Respondent argues, her prior counsel "should not have stipulated that the evidence therefore did not support his third affirmative defense. Rather he should have presented the evidence set forth in the attached affidavits as supportive of his third and fourth affirmative defenses." *Id*. To the extent the basis for the Rule 60(b) Motion is attorney error, such an argument "must be made under Rule 60(b)(1)." *Atmos Nation, LLC v. All Rise Recs., Inc.*, No. 16-60032-CIV, 2017 WL 3635111, at *3 (S.D. Fla. June 14, 2017). The Eleventh Circuit has "held that claims of attorney error must be made under the more specific Rule 60(b)(1), rather than under the 'residual equitable authority' contained in Rule 60(b)(6)." *S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) (citing *Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)). Under Rule 60(b)(1), the Court may relieve a party from a final judgment or order in light of "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). However, "[w]hen a party expressly states that she is abandoning a claim, this is not 'excusable neglect' under Rule 60(b)(1), which is designed to

relieve parties from missed deadlines, computer glitches, and similar oversights." *Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595, 601 (M.D. Ala. 2007). Additionally, "[d]ecisions to concede certain parts of a case in order to focus on others, or not to pursue every possible claim cognizable under the law, are examples of strategic or tactical choices well within the scope of the attorney's authority, decisions that bind the client." *Id.* (citing *Haynes v. Cain*, 298 F.3d 375, 381 (5th Cir. 2002)). Therefore, the decisions by Respondent's former counsel not to enter certain evidence and to concede the third affirmative defense do not qualify as a basis for relief under Rule 60(b)(1).

Because Respondent has presented no legal basis upon which the Court may reconsider its prior Order and hold a new evidentiary hearing, she has not "made a strong showing that [s]he is likely to succeed on the merits[.]" *Chafin*, 586 U.S. at 179 (quoting *Nken*, 556 U.S. at 434). Therefore, her request for reconsideration and a stay of the Court's Order requiring returning the children to Venezuela is denied. To the extent Respondent states that her "attempt to purchase new tickets for the children's return to Venezuela" has been "a difficult task since commercial aviation into Venezuela has resulted in many flight delays" in light of the FAA's ban on commercial aviation, ECF No. [59] at 2-3, the Court stated in its previous Order that the parties "shall confer regarding the feasibility of returning the children to Venezuela and notify the Court of the results of the conferral 72 hours after the FAA has lifted the ban." ECF No. [58] at 7. This notice must be filed on or before January 7, 2026. *See* ECF No. [58] at 7.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondent's Emergency Motion to Alter or Amend Judgment, **ECF No. [59],** is **DENIED**.

7

Case No. 25-cv-24087-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida on January 7, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record